[No. 7969.]

DAVIS v. WRIGHT.

1. PARTNERSHIP ACCOUNTING—*Duty of Referee*—Referee appointed
to take a partnership account on bill brought by the managing partner,
reported that the books of the firm were not just, true, or correct, and
without taking evidence, recommended that the action be dismissed.
*Held* that the court properly set aside this report, and ordered a
further reference.

2. *Referee's Report*—Where no specific or clear error in the
referee's report is made to appear, a decree thereon will not be dis-
turbed.

*Error to Mesa District Court*—Hon. SPRIGG SHACKLE-
FORD, Judge.

Mr. A. H. Davis and Mr. T. M. Morrow, for plaintiff in error.

Messrs. Fry & Welsh, for defendant in error.

Mr. Justice Scott delivered the opinion of the court:

This is an action for an accounting and dissolution of partnership. The plaintiff below, D. B. Wright, and the defendant Alfred H. Davis, on the 26th day of November, 1906, formed a partnership for the purpose of conducting a mercantile business. The business continued until the 16th day of June, 1907, when the plaintiff Wright, with the consent of the defendant Davis, sold his interest in the business to one C. A. Glaze. Under the terms of the partnership, each partner was to contribute an equal amount to the enterprise. The defendant Davis was not to contribute any of his time, but Wright was to give his entire time and have full charge of the conduct and management of the business at a stipulated monthly salary to be paid out of the business. The profits and losses to be equally shared. At the time of the sale by the plaintiff to Glaze, it was estimated that Davis was indebted to Wright for money contributed to the enterprise in the sum of $946.50. Davis gave his note to Wright for this amount payable in four months from the date thereof with interest. But the parties at the time signed a stipulation to the effect that the note was given with the express understanding that the parties had not finally settled their business nor the accounts thereof, and that if there was error in the estimate it was still to be corrected notwithstanding the note. This note and no part of it was ever paid.

Wright in his complaint asks for a judgment against Davis for $2365.41, alleged to be due him upon the matters and things involved, while in his answer and cross

complaint Davis prays for $787.98, as due him.

By agreement of parties the court appointed Walter S. Sullivan as referee to take testimony in the case and to report his findings of law and fact. The referee made a report which does not seem to throw any light upon the subject and in which he says that "the books of account kept by plaintiff Wright, are not just, true and correct books of account and are not admissible in evidence as such." He submitted also a report made to him by H. B. Jones whom he engaged for the purpose of examining the accounts of the concern, which report concluded with the statement that "In conclusion, I would say that I am unable to give you any information of any consequence from these books, as they are given to me." The referee recommended the the case be dismissed with equal division of the costs.

Upon motion of the plaintiff the court set aside this report and again referred the matter to the same referee for a re-hearing. This action of the court is one of the assignments of error.

When it is considered that the referee did not take any testimony in relation to the accounts, the condition of which he declares was so incomplete and unsatisfactory as to make any conclusion uncertain and unreliable, and for such reason excluded the accounts from consideration at all, it will be seen that he did not perform the service required of him by the reference.

How an accounting of the business of such a partnership can be had by excluding the books and accounts thereof from consideration, is not apparent. The court then did the only thing, which in justice and reason it could do, when it set aside such report and ordered another reference.

Sullivan was continued as referee but later resigned. Upon objection to such resignation by the defendant Davis, Sullivan continued to act.

The order of the court making the second reference included the following:

"The referee is directed to make a report to the court in answer to the following questions: 1. How much was contributed by each member of the firm of D. B. Wright & Co. to their business; 2. How much was received by the firm during its existence; 3. How much was expended by the firm in the course of their business; 4. How much profit or loss was made or sustained by the firm.

It is further ordered that the parties to this cause shall have the privilege of introducing evidence before the referee on the question of the condition of the books, papers and accounts of the firm to show whether such books, papers and accounts are in such condition that any intelligent report of the business of the firm can be made therefrom."

Two accountants for each party were examined and testified as to the accounts, and much other testimony was introduced before the referee including the evidence of the parties to the suit. Indeed the record is a very lengthy one, consisting of more than seventeen hundred folios, chiefly dealing with the accounts of the partnership, and testimony in relation thereto.

The referee reported in detail the findings of fact required by the court. He also found that Wright had put into the business the sum of $1695.08 more than did Davis, and that one-half of this sum, or $847.54 was therefore due from Davis to Wright. Also that Davis owed to Wright one-half of the latter's salary, or $300.00 on that item, and one-half of Davis' grocery bill due the firm, or $135.37, making a total due from Davis to Wright of $1282.91 and recommended that judgment be rendered accordingly.

The court overruled the motion of the plaintiff in error Davis, to set aside the second report of the referee

and rendered judgment in favor of Wright against Davis in the sum recommended, and dissolving the partnership.

There were no disputed questions of law, and the objections of the defendant to the findings and report of the referee upon which the judgment was based, are in substance that the evidence does not sustain the report.

The referee had the accounts and the witnesses before him. He was therefore in much better position to judge of the credibility of the witnesses and regularity and validity of the accounts than is this court.

It must be presumed that the court had the reasons for the specific objections to each of the several items in dispute pointed out to him upon the hearing of the motion to set aside the findings and report, and was therefore in a better position to judge of the regularity and sufficiency of these.

It is true that in a case of the character, this court may go behind the report and judgment because of insufficiency of the evidence, but in this instance it does not appear from the case presented that it would be justified in so doing, or that justice would be the better served thereby.

It is true that if specific and clear error was pointed out as to the allowance or refusal to allow any one or more of the items involved, the case would be different, but we do not find such to be the fact.

The firm appears to have transacted business to the extent of about $45,000.00 and it is not the province of this court to enter upon a detailed review and accounting of the numerous and varied items involved.

Neither the competency nor the integrity of the referee is questioned. He was assisted by four supposedly competent accountants, selected by the parties, and the whole proceeding was reviewed by the trial court.

Under these circumstances the judgment must be, and is affirmed.

MUSSER, C. J., and GARRIGUES, J., concurring.